THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY KATZ, Relator, *v.* J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

County Court, Clinton County, November 30, 1943.

*Harry Katz*, relator in person.

*Nathaniel L. Goldstein, Attorney-General (Robert C. Booth, Assistant Attorney-General, of counsel), for respondent.*

RYAN, J.  The relator was convicted in May of 1939 of the attempt to commit the crime of buying, receiving, concealing or withholding stolen property, in violation of the provisions of section 1308 of the Penal Law.  At the time of his conviction section 1308 provided a maximum penalty of imprisonment of not more than twenty years for committing the crime of buying, receiving, concealing or withholding stolen property. Section 261 of the Penal Law provides that a person who unsuccessfully attempts to commit a crime is indictable and punishable by imprisonment by not more than half of the longest term prescribed upon a conviction for the commission of the offense attempted.  Had the relator been a first offender, the maximum sentence which could have been imposed for the crime for which he stood convicted would have been five years' to ten years' imprisonment.  (Penal Law, § 2189.)

However, the relator had been previously convicted of a felony, and as such came within the provisions of section 1941 of the Penal Law.  The court, as required by law on May 29, 1939, imposed a sentence of imprisonment, the minimum of which was ten years and the maximum twenty years.  It is under this commitment that the relator is now being held in prison.

In 1943 (L. 1943, ch. 139), the Legislature amended section 1945 of the Penal Law, which section related to the release on parole of certain prisoners, by adding subdivisions 4 and 5 to said section.  By the terms of such amendments, the

Legislature reduced the severity of the punishment which had been meted out to persons convicted of violating the provisions of section 1308 prior to the first day of June, 1940. The relator contends that he is entitled to benefit by this clemency of the Legislature as expressed in subdivision 5 of these amendments to section 1945. With this contention, the court agrees.

By the provisions of subdivision 5, the Legislature reduced the minimum sentence of every person received in prison prior to June 1, 1940, who had been convicted as a second or third offender of violating the provisions of section 1308, to ten years. To hold that it was not the intention of the Legislature to proportionately reduce the minimum sentence of persons received in prison prior to June 1, 1940 who had been convicted as second or third offenders of an *attempt* to violate the provisions of section 1308 of the Penal Law, is to ignore the provisions of section 261 of the Penal Law.

The relator, having already served over four years of his minimum sentence, which minimum sentence has been reduced to five years by the provisions of subdivision 5 of section 1945 of the Penal Law, is at this time entitled to have his case submitted to the Parole Board for its consideration. So ordered.